# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| WANDA CHASE, Individually and as Personal Representative of the Estate of JAY CHASE, | )<br>)<br>)<br>) |
| Plaintiff, | )<br>) |
| vs. | )   Case No. CIV-05-872-M<br>) |
| CONSECO SENIOR HEALTH INSURANCE COMPANY, a Foreign Limited Liability Company, | )<br>)<br>)<br>) |
| Defendant. | ) |

## ORDER

Before the Court is plaintiff's Motion for Remand, filed August 3, 2005. Defendant has filed its response, and the matter is now ripe for determination.

I.   Introduction

On July 5, 2005, plaintiff filed the instant action in the District Court of Woodward County, State of Oklahoma. In her Petition, plaintiff alleges two causes of action: (1) breach of contract, and (2) breach of the duty of good faith and fair dealing. Plaintiff further alleges that "Defendant's actions constitute a wanton and willful disregard of decedent's rights for which it should be held to answer for punitive damages in excess of $10,000.00." Petition at ¶ 10.

On July 29, 2005, defendant removed this action to this Court on the basis of diversity jurisdiction. Plaintiff now moves to remand this action back to state court.

II.   Discussion

Diversity jurisdiction exists if the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and the action is between citizens of different states. 28 U.S.C. § 1332(a). In the case at bar, plaintiff asserts that the amount-in-controversy requirement has not been met.

When a plaintiff files suit in federal court, the amount in controversy identified in the complaint is presumed to support federal jurisdiction. *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1289 (10th Cir. 2001). A different presumption applies, however, when the case is removed from state court. *Id.* In removed cases, "[t]here is a strong presumption that the plaintiff has not claimed a large amount in order to confer jurisdiction on a federal court or that the parties have colluded to that end." *Id.* (quoting *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 375 (9th Cir. 1997)). "The burden is on the party requesting removal to set forth, in the notice of removal itself, the *underlying facts* supporting [the] assertion that the amount in controversy exceeds [$75,000]." *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995) (internal quotations and citation omitted) (emphasis in original).

"The amount in controversy is ordinarily determined by the allegations of the complaint, or, where they are not dispositive, by the allegations in the notice of removal." *Id.* The requisite amount in controversy "must be *affirmatively established* on the face of either the petition or the removal notice. The italicized language requires at a minimum that the jurisdictional amount be shown by a preponderance of the evidence." *Martin*, 251 F.3d at 1290 (internal quotations and citation omitted).

Having carefully reviewed the Petition and the Notice of Removal, the Court finds that the requisite jurisdictional amount is not "affirmatively established" by the allegations of either pleading. In the Petition, plaintiff only states that she is requesting actual damages in excess of $10,000.00 and punitive damages in excess of $10,000.00. Petition at 2. Thus, on the face of the Petition, plaintiff is seeking damages in an amount in excess of $20,000.00. In the Notice of Removal, defendant relies upon plaintiff's request for punitive damages to establish the amount in

controversy. Such reliance is misplaced. "[I]t is not enough to tell the Court that Plaintiff[] seek[s] punitive damages, Defendant must come forward with evidence showing the likely award if Plaintiff[] were to succeed in obtaining punitive damages." *Wilson v. Union Sec. Life Ins. Co.*, 250 F. Supp. 2d 1260, 1264 (D. Idaho 2003) (collecting cases); *see also Flowers v. EZPawn Okla., Inc.*, 307 F. Supp. 2d 1191, 1200 (N.D. Okla. 2004) (finding conclusory statement regarding punitive damages insufficient to meet burden of showing underlying facts supporting requisite jurisdictional amount).

Accordingly, based upon the above, the Court finds that defendant has failed to carry its burden of demonstrating the amount-in-controversy requirement for diversity jurisdiction has been satisfied in this case. The Court, therefore, finds that it does not have subject matter jurisdiction and that this action should be remanded back to state court.

III.   Conclusion

For the reasons set forth above, the Court GRANTS plaintiff's Motion for Remand [docket no. 10] and REMANDS this action to the District Court of Woodward County, State of Oklahoma.

**IT IS SO ORDERED this 10th day of January, 2006.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE